# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TRACY LENARD EPPS,
          *Defendant-Appellant.*

No. 00-4332

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-99-573)

Submitted: March 6, 2001

Decided: April 4, 2001

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant.
Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Tracy Lenard Epps pled guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). At sentencing, Epps was found to be a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998), and sentenced to 262 months' imprisonment. His counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he raises the following four issues, but claims that none have merit: (1) whether the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure; (2) whether a common law robbery conviction was properly used to determine the Appellant's criminal history category; (3) whether a drug conviction was worth two criminal history points in determining the criminal history category; and (4) whether the court erred by not granting a downward departure. Epps has filed a pro se supplemental brief in which he asserts that: (1) his guilty plea was not knowing and voluntary and the indictment was invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) he was improperly classified as a career offender because a predicate conviction was unconstitutional. Finding no reversible error, we affirm.

We find that the district court properly conducted Epps' Rule 11 hearing. *See* Fed. R. Crim. P. 11; *see also United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). We further find that the court did not err by assessing 3 criminal history points for the common law robbery conviction and 2 criminal history points for a prior drug offense. *See* USSG §§ 4A1.1(b), 4A1.2(d), (k). Finally, because the district court recognized its authority to depart, its refusal to do so is not reviewable on appeal. *See United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

We find that Epps' issues raised in his pro se supplemental brief are without merit. Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362. Because Epps was sentenced below the statutory maximum autho-

rized by 21 U.S.C. § 841(b)(1)(C), there was no error in failing to include as an element of the offense the amount of drugs involved in the transaction. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3364 (U.S. Nov. 27, 2000) (No. 00-6746).

Epps did not raise before the district court that his career offender status was in error because a prior conviction was allegedly unconstitutional. Thus, this court reviews for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). There was no error because Epps cannot collaterally challenge a predicate conviction used to enhance the sentence under the sentencing guidelines. *United States v. Bacon*, 94 F.3d 158, 161-62 (4th Cir. 1996).

In accordance with the requirements of *Anders*, we have considered the entire record on appeal and find that there was no reversible error. Accordingly, we affirm the convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*