**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

v.

ZUBERI MUATA HONDO, a/k/a Kevin
Parker,

　　　　　　*Defendant-Appellant.*

No. 03-4241

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-02-591)

Argued: January 20, 2004

Decided: April 30, 2004

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge Williams concurred. Judge Motz wrote a dissenting
opinion.

**COUNSEL**

**ARGUED:** Katherine Elaine Evatt, Assistant Federal Public
Defender, Columbia, South Carolina, for Appellant. Stacey Denise
Haynes, Assistant United States Attorney, Columbia, South Carolina,
for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States
Attorney, Columbia, South Carolina, for Appellee.

**OPINION**

WIDENER, Circuit Judge:

Zuberi Hondo pleaded guilty to two counts of illegally possessing a firearm and one count of possessing cocaine with the intent to distribute. Finding that Hondo had two prior qualifying convictions, the district court sentenced him to 170 months as a career offender under section 4B1.1 of the United States Sentencing Guidelines. On appeal, Hondo argues that the district court erred in counting one of his prior convictions. We disagree and affirm.

I.

Hondo was initially indicted for two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(a), one count of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(i)(C), and one count of knowingly using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). These charges resulted from two traffic stops: the first, on December 14, 2001, turned up two loaded pistols and more than three grams of cocaine; the second, on March 27, 2002, revealed another pistol.

In exchange for the government's promise to drop the § 924(c) count, Hondo pleaded guilty to the other three charges. In calculating Hondo's sentence under the Guidelines, the district court counted both of Hondo's two prior state convictions: one in 1984 for possession with the intent to distribute marijuana, and one in 1993 for criminal sexual conduct with a minor. Inclusion of these convictions qualified Hondo as a career offender under section 4B1.1 of the Guidelines, which increased Hondo's criminal history category from III to VI. See U.S.S.G. § 4B1.1(b) (2002) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). It also increased the base offense levels for both the felon in possession of a firearm charge and the drug charge. See U.S.S.G. §§ 2K2.1(a)(2), 4B1.1(b)(c).

As a result, Hondo's sentencing range was 151-188 months, and the district court sentenced Hondo to a term of 170 months.

## II.

Hondo's sole argument on appeal is that the district court erred by including his 1984 conviction for possession with the intent to distribute marijuana in determining whether Hondo's criminal history warranted the enhanced penalties applicable to career offenders. Section 4B1.1(a) of the Guidelines states that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Hondo concedes that the first two prongs of the statutory analysis are satisfied. He relies instead on the third prong, claiming that the district court erred in finding that he had two prior qualifying convictions. He claims that his 1984 conviction was obtained in the absence of counsel and is therefore invalid and cannot be counted against him for purposes of the career offender enhancements. The government takes the position that he had waived his right to an attorney, as the district court held.

The general rule regarding prior convictions is clear: in analyzing whether a defendant is a career offender, a district court must count as a predicate conviction a prior state court offense that has not been reversed, vacated, or invalidated. *United States v. Bacon*, 94 F.3d 158, 161-63 (4th Cir. 1996) (citing U.S.S.G. § 4A1.2 cmt. n.6). There is no evidence that the 1984 conviction had been either reversed, vacated, or invalidated. Hondo did not file a state post conviction relief petition, nor did he file a federal habeas petition. His direct appeal to the South Carolina Supreme Court was not successful.

The exception to the above rule with respect to collateral attack on

a previous conviction in a federal sentencing proceeding is *United States v. Custis*, 511 U.S. 485, 496 (1994): a defendant in a federal sentencing proceeding cannot collaterally challenge a prior conviction used to enhance his sentence on federal constitutional grounds unless the conviction "was obtained in the absence of counsel."* *Bacon*, 94 F.3d at 162.

The determination of whether the right to counsel has been waived is a question of law that we review *de novo*. See *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). Importantly, however, even when an arguable *Custis* challenge is raised, the defendant bears an especially difficult burden of proving that the conviction was invalid. See *United States v. Jones*, 977 F.2d 105, 108-11 (4th Cir. 1992). Although *Jones* predates *Custis*, that difficult burden is mentioned in the concurring opinion, 977 F.2d at 111, and we adopt the discussion mentioned in *Jones*, pp. 108-11, and the concurring opinion of Judge Wilkinson.

Because Hondo maintains that his 1984 conviction was obtained in the absence of counsel, we consider the circumstances under which it was obtained. The government claims that Hondo waived the representation of the attorney which the State afforded him. And the district court in this case permitted Hondo to testify at the sentencing hearing. It weighed that testimony against the state court documents offered by the government.

Hondo testified that while in jail awaiting bond on the marijuana charge, a screener for the public defender's office contacted him and told him he would be appointed counsel. After that, Hondo testified, he never had any communication with the public defender's office or any appointed counsel. According to Hondo, he went to South Carolina General Sessions Court for three straight days beginning June 15, 1984, as required by his release on bond, but his name was never called and he was not told to return at the end of the third day.

To the contrary, the government offered documents from the record of the 1984 state prosecution. In addition to the order of conviction

---

*We have adopted the *Custis* reasoning "in the context of Guidelines sentencing." *Bacon*, 94 F.3d at 163.

after trial by jury, October 24, 1984, to which we attach a presumption of validity, see *Parke v. Raley*, 506 U.S. 20, 29 (1942), the government points to the records of the state trial court. The first, dated September 14, 1984, orders that the trial of Hondo (who at that time went by the name Kevin Parker) not take place during the week of September 17, due to the fact that his attorney would be away at a bar association-sponsored seminar. This order, on the motion of the Public Defender, lists Hondo's attorney by name and postpones the trial on her behalf, and clearly establishes that Hondo was represented by counsel at that time.

Equally as relevant to the waiver issue is the state court's second order dated October 23, 1984, which finds that Hondo no longer wished representation by the same attorney named in the earlier order of September 14, 1984. In the October 23rd order, the trial court found that Hondo failed to keep in contact with his lawyer and the court, even after notice of his impending trial. The order reflects the court's finding that Hondo failed to assist his attorney and by such actions indicated Hondo no longer desired representation by that attorney. The second said order was signed by the attorney who moved for entry of the same. As a result, the second order provided that Hondo's trial counsel and the public defender's office "be relieved of the representation of the Defendant."

At Hondo's sentencing, November 3, 1988, in the general sessions court, his attorney called the attention of the court to the fact that he had been tried *in absentia*, but he did not raise at that hearing his present claim that he had no attorney present at the trial in which he was found guilty. State records also show that Hondo had been advised, at the time he was let to bail, that if he did not appear as ordered for trial, he would be tried in his absence. That same record also shows that, at that time, Hondo refused to sign an acknowledgement of such advice.

Short of appearances by the prosecuting attorney or Hondo's state trial counsel, or communication from them, it is difficult to imagine what evidence could more strongly support a finding that Hondo waived his right to the attorney which he had at that time. The state court made specific findings as to Hondo's actions, and Hondo's testimonial evidence was insufficient to rebut those findings. In addition,

the district court made its own finding with regard to Hondo's testimony on his claimed appearance in state court. "It is not credible," said the district court, "that he sat in court for three days without speaking to anyone from the public defender's office." Taken together, the state court record and the district court's credibility determination leave no doubt in our opinion that Hondo was afforded the right to counsel and that the same was waived.

Because Hondo did not demonstrate that his prior state court conviction was obtained in the absence of counsel, his *Custis* challenge fails. The district court thus correctly included the conviction in its sentencing analysis.

The judgment of the district court is accordingly

*AFFIRMED*.

DIANA GRIBBON MOTZ, Circuit Judge, dissenting:

In this case, we must resolve a single question: should a state conviction for possession with intent to distribute marijuana, adjudged *in absentia* and without counsel, be used to enhance a defendant's sentence for federal crimes committed almost twenty years later? Resolution of this question has grave consequences for Zuberi Hondo. Only if the uncounseled, *in absentia* state conviction — obtained when Hondo was nineteen, with an eighth grade education and apparently no prior experience with the criminal justice system — counts to enhance his federal sentence does Hondo qualify as a career offender. Absent the career offender status, the guideline range for Hondo's sentence is 57-71 months imprisonment; with the career offender enhancement, it more than doubles to 151-188 months.

The United States Probation Office recommended in its presentence report that Hondo's uncounseled state conviction *not* be counted in determining Hondo's federal sentence. The probation officer based this recommendation on the fact that Hondo "was not present or represented by counsel during his trial," and that "there [was] no information indicating that Hondo voluntarily, knowingly, and intelligently waived his right to representation." Nevertheless, the dis-

trict court counted the state conviction, reasoning that "[t]he proscription on counting uncounseled convictions does not apply where there has been a waiver by the defendant below," and "this case . . . has a [state] circuit judge's finding of waiver."

The majority affirms. Because I believe the record evidence demonstrates that the state trial judge never determined that Hondo's waiver was knowing and intelligent, I cannot agree that the state conviction should be counted to make Hondo a career offender. Accordingly, I respectfully dissent.

## I.

Generally, a defendant in a federal sentencing proceeding has no constitutional right to challenge the use of a previous state conviction to enhance a subsequent federal sentence. *Custis v. United States*, 511 U.S. 485, 496-97 (1994); *see also United States v. Bacon*, 94 F.3d 158, 163 (4th Cir. 1996) (applying *Custis* to the context of Guidelines sentencing). As the majority properly recognizes, however, the case before us falls squarely within the "sole exception" to that general principle: the exception for prior convictions "obtained in violation of the right to counsel," which defendants *may* challenge in later sentencing proceedings. *Custis*, 511 U.S. at 487.

Although the state trial judge never expressly found that Hondo waived his right to counsel, the judge did implicitly find that Hondo's conduct amounted to a *voluntary* waiver of his right to counsel. The record evidence provides an adequate basis for this conclusion.* But voluntariness, alone, does not suffice. "[W]aivers of counsel must not only be voluntary," but "must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege."

---

*The record reveals that Hondo was informed of his right to be present at his state trial and that the trial would proceed in his absence should he fail to attend. The record also documents that Hondo was represented by counsel as of September 14, 1984, but that Hondo "failed to maintain contact with [his] lawyer" and "to keep in contact with the Court, after due notice of a trial date by that lawyer." The state trial judge found that this misconduct constituted an expression on Hondo's part that he "no longer desire[d] representation" by his counsel.

*Edwards v. Arizona*, 451 U.S. 477, 482 (1981). The Supreme Court has described a waiver as intelligent when the defendant "knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942).

The Court has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Iowa v. Edgardo Tovar*, ___ U.S. ___, No. 02-1541, 2004 WL 413286, at *7 (Mar. 8, 2004). Rather, "[t]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Other case-specific factors include "the complex or easily grasped nature of the charge, and the stage of the proceeding." *Edgardo Tovar*, 2004 WL 413286, at *7.

When the stage of the proceeding is, as here, the trial, the Court has said that "before a defendant may be allowed to proceed *pro se*, he must be warned specifically of the hazards ahead." *Id.* In *Faretta v. California*, 422 U.S. 806 (1975), the Court explained that a defendant "should be made aware of the dangers and disadvantages of [proceeding *pro se*], so that the record will establish that he knows what he is doing." *Id.* at 835 (internal quotation marks and citation omitted). Recognizing the "enormous importance and role that an attorney plays at a criminal trial," the Court has "imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial." *Patterson v. Illinois*, 487 U.S. 285, 298 (1988); *see also id.* at 299 n.13 (noting that "at trial, counsel is required to help even the most gifted layman adhere to the rules of procedure and evidence, comprehend the subtleties of voir dire, examine and cross-examine witnesses effectively (including the accused), object to improper prosecution questions, and much more").

## II.

Turning to the case at hand, I recognize that the burden is on Hondo to demonstrate that he was not made aware of the dangers and disadvantages of proceeding *pro se*. *United States v. Jones*, 977 F.2d

105, 109 (4th Cir. 1992). I believe that he has met that burden and proved by a clear preponderance of the evidence that the state trial judge never took any steps to make him "aware of the[se] dangers and disadvantages." *Faretta*, 422 U.S. at 835.

First, the record — although otherwise relatively informative — contains *no* evidence indicating that the state trial judge, or any one else, warned Hondo about the perils of proceeding *pro se*. Rather, the record simply shows that the state judge determined that Hondo "failed to assist Counsel and by [his] actions has indicated that [he] no longer desires representation by Petitioning Counsel."

Moreover, the very finding of the state court that Hondo failed to appear before or "keep in contact with" the court, indicates that the trial judge never had any exchanges with Hondo, or even any first-hand observations of him. Thus, the judge had no opportunity to ensure that Hondo was making an informed choice to proceed *pro se* "with eyes open." *See, e.g.*, *State v. Thompson*, 584 S.E.2d 131, 136 (S.C. Ct. App. 2003) (recognizing that asking the defendant if he understood the consequences of proceeding *pro se* was "'quite obviously impossible' when a defendant fails to appear in court") (quoting *Pennsylvania v. Ford*, 715 A.2d 1141, 1143 (Pa. Super. Ct. 1998)).

Moreover, the record lacks any indication that the state trial judge undertook to assess "from the record as a whole" whether Hondo understood the hazards of proceeding *pro se*. *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988). Indeed, had the state court attempted to make such a determination, the information before the court — regarding, for instance, Hondo's age, educational background, and experience with the judicial process — all counseled *against* finding that Hondo understood these hazards. *See Johnson*, 304 U.S. at 464 (citing "background" and "experience" as relevant factors); *Gallop*, 838 F.2d at 110 (listing among the factors to consider "the educational background, age and general capabilities of an accused"). Hondo was only nineteen at the time of the arrest at issue and had flunked out of ninth grade with a 0.0 grade point average; in addition, the arrest was apparently his first.

Thus, Hondo has not just offered evidence that the state court failed to record a determination of the knowingness or intelligence of his

waiver. *Cf. Gallop*, 838 F.2d at 110. Rather, Hondo has also offered evidence that the state trial judge never even "undertook to focus on whether [Hondo] understood his right to counsel and intelligently and knowingly relinquished it." *Edwards*, 451 U.S. at 484.

The conflicts in Hondo's testimony before the district court, on which that court and the majority rely, undoubtedly cast doubt on the credibility of Hondo's claims of complete ignorance regarding the appointment of counsel to represent him and the date of his impending trial. However, they do not in any way undermine the undisputed facts in the record as to his youth, paltry educational background, and total inexperience with the criminal justice system at the time of his state arrest. These undisputed facts, paired with a record that contains no contrary evidence bearing on the intelligence or knowingness of Hondo's waiver, require the conclusion that Hondo did *not* choose to proceed without counsel "with eyes open."

Because Hondo's waiver of his right to counsel was not knowing and intelligent, his uncounseled, *in abstentia* conviction cannot withstand constitutional scrutiny. *See, e.g.*, *United States v. Tucker*, 404 U.S. 443, 449 (1972). Such a holding, of course, does not reverse or vacate Hondo's already-served state conviction, but it does mean that the district court should not have counted the state conviction in computing Hondo's criminal history. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001) (noting that when a defendant "can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand").

For these reasons, I would vacate the sentence, and remand the case for resentencing with instructions not to assign criminal history points for the uncounseled conviction.