**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY JONES,

Defendant - Appellant.

**No. 04-4183**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY JONES,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-1017)

Submitted:  August 22, 2005          Decided:  October 4, 2005

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Jimmy Jones appeals his conviction and sentence for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Jones contends the district court erred enhancing his sentence under 18 U.S.C. § 924(e) (2000), despite his argument that with respect to one of the predicate convictions, he did not voluntarily waive his right to counsel. Jones further contends the use of prior convictions to enhance his sentence is improper under the rule announced in Blakely v. Washington, 542 U.S. 296 (2004), when the convictions were not charged in the indictment, proven to a jury or admitted by the defendant. Finding no error, we affirm.

The presentence investigation report ("PSR") noted Jones was an armed career criminal withing the meaning of U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A) (2002). Accordingly, his base offense level was raised to 34. The PSR noted a 1993 conviction for burglary, a 1994 conviction for burglary and a 1998 state conviction for possession with intent to distribute powder cocaine. At sentencing, Jones argued the cocaine conviction could not be used to determine his sentence because it was uncounseled and he did not voluntarily waive counsel. After taking evidence, the district court found Jones did not meet his burden establishing he did not voluntarily waive counsel.

While a defendant may challenge at sentencing the validity of a prior conviction used to enhance a sentence on the ground that he was denied counsel, <u>Custis v. United States</u>, 511 U.S. 485, 495-96 (1994), he bears the "heavy" burden of showing the prior conviction is invalid. <u>United States v. Jones</u>, 977 F.2d 105, 110, 111 (4th Cir. 1992). The determination of whether counsel is waived is reviewed de novo. <u>United States v. Hondo</u>, 366 F.3d 363, 365 (4th Cir. 2004).

Here, Jones had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do. <u>Parke v. Raley</u>, 506 U.S. 20, 28-34 (1992) (holding a presumption of regularity attaches to final judgments and makes it appropriate for defendant to have burden of showing irregularity of prior plea). We agree with the district court in its findings and find Jones did not meet his burden of proof.

Jones further contends the use of prior convictions not charged in the indictment, found by a jury or admitted by the defendant, to increase a sentence is improper under the rule announced in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Jones challenges the continued viability of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-35 (1998). Jones did not raise this issue in the district court. Consequently, we review for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005) (citing <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993)). To

meet this plain error standard:  (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights.  Olano, 507 U.S. at 732-34.  If the three elements of the plain error standard are met, we may exercise our discretion to notice error only "when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

In Almendarez-Torres, the Supreme Court held the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.  Although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, we have subsequently confirmed that Almendarez-Torres was not overruled by Apprendi, and remains the law.  United States v. Cheek, 415 F.3d 349, ___, 2005 WL 1669398, *3-4 (4th Cir. 2005).[*]

---

[*]We note the holding in Shepard v. United States, 125 S. Ct. 1254 (2005), does not support Jones' claim.  The district court did not look beyond the record of conviction to determine facts about the conviction.  Once the court determined Jones voluntarily waived counsel, the fact of conviction was all that was necessary for it to be used to increase the offense level.

Accordingly, we affirm the conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
