**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4111**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY DONNELL JOHNSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00003)

---

Submitted:  August 31, 2007        Decided:  September 13, 2007

---

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas A. Will, Jr., LAW OFFICE OF THOMAS A. WILL, JR., Gastonia, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Karen S. Marston, Thomas Tullidge Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Donnell Johnson pled guilty to possession with intent to distribute cocaine base and possession of a firearm by a convicted felon. He was sentenced to 262 months on the drug charge and a concurrent 120-month sentence for the weapons offense. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that both appear to lack merit. Johnson has filed a pro se supplemental brief raising additional issues. Finding no reversible error, we affirm.

Johnson contends that his guilty plea was not voluntarily and knowingly entered. Our review of the transcript of Johnson's arraignment discloses that the proceeding was properly conducted under Fed. R. Crim. P. 11. This "raise[s] a strong presumption that the plea is final and binding." See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Further, a defendant's declarations during the plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Here, Johnson represented at his Rule 11 hearing that he was entering his plea freely and voluntarily with a full understanding of the charges against him, the penalties he faced, and the rights he was waiving by pleading guilty. He also informed the court that he was not under the influence of drugs or alcohol and that no one had threatened, intimidated, or forced him to plead guilty. Finally,

Johnson expressed his satisfaction with his attorney.  Under these circumstances, we conclude that the plea was both knowing and voluntary.

Although Johnson contests his treatment as a career offender, we note that he had the requisite two previous felony convictions for drug offenses, neither of which has been overturned by the North Carolina state courts.  We conclude that Johnson was properly treated as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2005).  We also find that Johnson's sentence, imposed within the properly calculated advisory sentence range and applicable statutory limits, is reasonable.  See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); see also United States v. Rita, 127 S. Ct. 2456 (2007).  Finally, his sentence does not violate the Double Jeopardy Clause.  See United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004).

Johnson contends that he was denied effective assistance of counsel.  To allow for adequate development of the record, a defendant must usually bring a claim of ineffective assistance in a 28 U.S.C. § 2255 (2000) motion unless it conclusively appears from the record that counsel did not provide effective representation.  United States v. Richardson, 195 F.3d 192, 198

(4th Cir. 1999).  Here, no such error is apparent from our review of the record.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal.  Accordingly, we affirm.  This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisonal process.

<u>AFFIRMED</u>