**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4502**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTIE COFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:06-cr-00342-JRS)

Submitted:  December 20, 2007      Decided:  December 26, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elliott Bruce Bender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Ann Reardon Gregory, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artie Cofield appeals his conviction and sentence on a violation of 18 U.S.C. § 922(g)(1) (2000), possession of a firearm by a convicted felon. The district court sentenced Cofield to fifty-five months' imprisonment, and three years of supervised release. Cofield appeals, challenging the district court's inclusion of certain prior conduct in the calculation of his sentence. We affirm.

Cofield challenges the enhancement of his Guidelines range based on a prior robbery conviction on the grounds that it occurred more than fifteen years prior to the instant offense, and because the Government failed to prove that Cofield was counseled at a subsequent parole violation relative to that conviction, or at other prior convictions on which he was assessed criminal history points. We find his claims to be without merit. Contrary to his contentions, the Guidelines specifically allow for inclusion of any prior sentence of imprisonment exceeding one year and one month, whenever imposed, which resulted in the defendant being incarcerated during any part of such fifteen-year period. Cofield's violation of his parole on the contested robbery charge and subsequent two-year sentence for that violation brings the charge within the ambit of United States Sentencing Guidelines Manual ("USSG") § 2K2.1(4)(A) (2006). See USSG § 4A1.2. Moreover, the burden is on the defendant to establish that he was

- 2 -

uncounseled, and Cofield presented no evidence whatsoever to support his self-serving and unsubstantiated contentions. See United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004); United States v. Jones, 977 F.2d 105, 111-12 (4th Cir. 1992).

Cofield further asserts error in the inclusion of one criminal history point for an obscene phone call conviction where there allegedly was no proof that he had been convicted of the charge, given that the presentence investigation report reflects that the conviction was appealed, and does not reflect the ultimate disposition of the appeal. We likewise reject this claim of error because, inter alia, even without the contested point, Cofield's criminal history score was above the thirteen points necessary to qualify him for a criminal history category VI.

Finally, Cofield requests the benefit of USSG Amendment 709 (Nov. 2007). As Amendment 709 is not retroactive, see USSG § 1B1.10, it is not applicable to Cofield's sentence.

Accordingly, we affirm Cofield's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -