**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5049**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROY DAVID JARRELL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:07-cr-00002)

Submitted: June 9, 2008          Decided: June 23, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis H. Curry, Spencer, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Karen L. Bleattler, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy David Jarrell pled guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2000), and was sentenced to 84 months imprisonment. He appeals, challenging the inclusion of three state court convictions in his criminal history calculation. For the reasons that follow, we affirm.

In the presentence report, Jarrell was assessed a total of eighteen criminal history points, resulting in a Criminal History Category of VI. Of those eighteen points, three were assessed for convictions in May 2004 for attempting to disarm a police officer, fleeing from a police officer, and driving under the influence, third offense. Jarrell objected to the inclusion of these convictions in his criminal history computation, arguing that the state court lacked jurisdiction over the case.

The Supreme Court has held that a defendant in a federal sentencing proceeding has no right to collaterally challenge a prior state court conviction used to enhance his sentence except where the defendant can demonstrate that the prior state conviction was obtained in the absence of appointed counsel. Custis v. United States, 511 U.S. 485, 496 (1994). Further, "[t]he general rule regarding prior convictions is clear: in analyzing whether a defendant is a career offender, a district court must count as a predicate conviction a prior state offense that has not been

reversed, vacated, or invalidated."  <u>United States v. Hondo</u>, 366 F.3d 363, 365 (4th Cir. 2004).

Here, Jarrell concedes that he was represented by counsel during the 2004 proceedings.  Moreover, he has not shown that the convictions were reversed, vacated, or otherwise invalidated. Accordingly, the district court did not err in overruling Jarrell's objection to the inclusion of the convictions in his criminal history.  Therefore, we affirm his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -