<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-6864**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTWAINE LAMAR MCCOY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:03-cr-00064-RLV-1; 3:09-cv-00461-RLV)

---

Submitted: December 31, 2014      Decided: January 8, 2015

---

Before NIEMEYER, KING, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael L. Rosenthal, David D. Metcalf, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwaine McCoy appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability on the issue of whether McCoy's counsel rendered ineffective assistance by failing to argue that two of McCoy's prior controlled substance convictions, used to enhance his federal sentence, were obtained in violation of the Double Jeopardy Clause. Having reviewed the parties' briefs and the record on appeal, we affirm the judgment below.

In reviewing the district court's denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013), cert. denied, 135 S. Ct. 47 (2014). Where, as here, the district court considered materials outside the pleadings but denied relief without holding an evidentiary hearing, the court could not "make findings of fact on disputed matters," and "its ruling was in the nature of a summary judgment award to the Government." United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007). Under these circumstances, we view the facts in the light most favorable to the § 2255 movant. United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007).

To succeed on his claim of ineffective assistance of counsel, McCoy must demonstrate both that his "counsel's performance was deficient" and that counsel's "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In establishing deficient performance, McCoy must show "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. McCoy establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Dyess, 730 F.3d at 361 (internal quotation marks omitted).

The Double Jeopardy Clause protects defendants from being "twice put in jeopardy" for an offense, prohibiting multiple prosecutions or punishments for the same offense. United States v. Martin, 523 F.3d 281, 290 & n.5 (4th Cir. 2008) (internal quotation marks omitted). We have recognized that the North Carolina drug tax, as it existed at the time of McCoy's 1992 and 1993 North Carolina drug convictions, see N.C. Gen. Stat. §§ 105-113.105 to 105-113.113 (1992), is a criminal penalty for the purposes of the Double Jeopardy Clause. Lynn v. West, 134 F.3d 582, 588-93 (4th Cir. 1998). McCoy argues that, because he was assessed drug taxes at his 1992 and 1993 arrests for cocaine possession and partially paid those taxes with funds seized by law enforcement immediately after his arrests, his

3

subsequent convictions for those offenses violated the Double Jeopardy Clause. McCoy asserts that his trial counsel could have argued under Lynn that these drug convictions therefore were not proper predicates for either the career offender or Armed Career Criminal enhancements imposed during his federal sentencing, notwithstanding the fact that those state convictions have not been vacated.

The district court rejected McCoy's claim based on its finding that McCoy's convictions did not violate the prohibition against double jeopardy because the tax warrants McCoy provided with his § 2255 motion established that McCoy was convicted on the drug offenses years before he was assessed the drug taxes. Assuming, without deciding, that this conclusion is debatable, we affirm the district court's rejection of McCoy's claim on an alternative basis. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record."). Specifically, we conclude that McCoy has failed to demonstrate that his counsel was ineffective in declining to collaterally challenge his state drug convictions on double jeopardy grounds during the federal sentencing hearing, in light of precedent generally barring such collateral challenges, and due to the absence of precedent clearly authorizing the specific collateral

4

challenge McCoy advocates under Lynn. See Daniels v. United States, 532 U.S. 374, 382-84 (2001); Custis v. United States, 511 U.S. 485, 494-95 (1994); United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004); United States v. Brandon, 363 F.3d 341, 345-46 (4th Cir. 2004); U.S. Sentencing Guidelines Manual §§ 4A1.2 cmt. n.6, 4B1.2(c) & cmt. n.3 (2003). Further, we conclude that remand for an evidentiary hearing is unwarranted.

Accordingly, we affirm the district court's order denying § 2255 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED