**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4808**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COLIN HAWKINS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:16-cr-00015-JPJ-PMS-1)

Submitted:  July 28, 2017                      Decided:  August 18, 2017

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Helen Eckert Phillips, PHILLIPS & THOMAS, PLLC, Abingdon, Virginia, for Appellant.  Rick A. Mountcastle, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial in which he represented himself, Colin Hawkins was convicted of one count of mailing a threatening communication, in violation of 18 U.S.C. § 876 (2012). The district court imposed a 48-month sentence, which was an upward variance from Hawkins' Sentencing Guidelines range of 15-21 months. Hawkins timely appeals, challenging the district court's computation of his criminal history score and the substantive reasonableness of the upward variance. We affirm.

Hawkins first asserts that his prior Maryland convictions should not have been counted in the computation of his criminal history score because, at the time of those convictions, he was not represented by counsel. We disagree.

While a defendant may challenge the validity of a prior conviction on the ground that he was denied counsel, *see Custis v. United States*, 511 U.S. 485, 495-96 (1994), Hawkins bears the heavy burden of showing that the prior conviction is invalid on this basis, *United States v. Jones*, 977 F.2d 105, 110-11 (4th Cir. 1992). *See United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004) ("[E]ven when an arguable *Custis* challenge is raised, the defendant bears an especially difficult burden of proving that the conviction was invalid."). Specifically, Hawkins bore the burden to overcome the presumption that the state court informed him of his right to counsel, as it was required to do, and that, if he was not represented, it was because he waived his right to counsel.[*] *See Parke v.*

---

[*] A criminal defendant's right to counsel is protected by the Sixth Amendment to the United States Constitution and by Article 21 of the Maryland Declaration of Rights, *Dykes v. State*, 121 A.3d 113, 116 (Md. 2015), and the relevant notice provisions are (Continued)

2

*Raley*, 506 U.S. 20, 28-34 (1992) (holding presumption of regularity that attaches to final judgments makes it appropriate for defendant to have burden of showing irregularity of prior plea). Hawkins clearly did not meet this burden in this case. He submitted neither documentary evidence nor testimony at the sentencing hearing to establish that he was convicted, in either instance, in a manner that violated his constitutional right to counsel. *Cf. Jones*, 977 F.2d at 110-11 (explaining why defendant's "vague [and] inconclusive testimony" about distant events was insufficient to carry his burden of showing invalidity of prior conviction). We conclude that, in the absence of any contrary evidence, the district court properly rejected Hawkins' claims based on the presumption that the relevant Maryland court rules were followed in the challenged cases.

Hawkins next challenges the substantive reasonableness of the 48-month upward variant sentence. In reviewing the substantive reasonableness of a sentence, this Court "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). While "[a] major departure from the advisory range 'should be supported by a more significant justification than a minor one,'" *United States v. Morace*, 594 F.3d 340, 346

---

currently codified in Md. Rules 4-213 & 4-213.1. Maryland law also has codified the specific, mandatory process that must be employed before a defendant is permitted to waive his right to counsel. *See* Md. R. 4-215; *Parren v. State*, 523 A.2d 597, 607 (Md. 1987) (holding that "the requirements of Rule 4-215 are to be construed as mandatory"). "Maryland Rule 4-215 implements a defendant's right to waive counsel, and incorporates safeguards to ensure that the defendant is acting knowingly and voluntarily in making that choice." *Dykes*, 121 A.3d at 118.

(4th Cir. 2010) (quoting *Gall*, 552 U.S. at 50), "district courts have extremely broad discretion when determining the weight to be given each of the [18 U.S.C.] § 3553(a) [(2012)] factors," *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Hawkins' primary argument is that the upward variance is substantively unreasonable. He maintains that the variance is inconsistent with the four-level Guidelines reduction because the underlying crime involved a single instance of conduct that evidenced "little or no deliberation." U.S. Sentencing Guidelines Manual § 2A6.1(b)(6) (2016).

However, the court imposed the upward variance based on factors beyond the basis for this reduction. The reduction applies when, along with the absence of certain aggravating factors, "the offense involved a single instance evidencing little or no deliberation." USSG § 2A6.1(b)(6). By contrast, in accord with 18 U.S.C. § 3553(a), the district court offered multiple reasons for the variant sentence. First, the district court identified that an upward variance was warranted in light of Hawkins' persistence in his position that he was intoxicated when he wrote the threatening letter. This position both was untenable based on the lack of any indicia of intoxication, and reflected Hawkins' overall refusal to accept responsibility for his actions. The court also found an upward variance was necessary to account for Hawkins' lack of remorse and the impact a death threat has on the criminal justice system. Finally, a longer sentence was warranted, in the court's view, to protect the public from future crimes by Hawkins, who consistently showed himself unwilling to conform his conduct to the law even during his period of incarceration.

4

The record establishes the district court's thorough and well-reasoned basis for varying upward from Hawkins' Guidelines range of 15-21 months to impose a 48-month sentence. In light of the deference accorded to a district court's sentencing decision, we hold that Hawkins has failed to establish that his sentence is substantively unreasonable. *See United States v. Hargrove*, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming 60-month upward variant sentence imposed on defendant whose assumed Guidelines range was 0-6 months); *see also United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court . . . .").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*