**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4862

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER BLAKE SQUIRE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:15-cr-00305-F-1)

Submitted:  November 30, 2017                       Decided:  December 20, 2017

Before GREGORY, Chief Judge, and NIEMEYER and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Christopher Blake Squire was convicted of aiding and abetting and possession with intent to distribute heroin, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(a)(1) (2012) (Count 1); possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 2); using a place for manufacturing, distributing, or using controlled substances, in violation of 21 U.S.C. § 856(a)(1) (2012) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 4). The district court sentenced Squire to a total term of 140 months' imprisonment. Finding no error, we affirm.

Squire challenges the sufficiency of the evidence supporting his convictions for aiding and abetting and possession with intent to distribute heroin and for possession of a firearm in furtherance of a drug trafficking crime. We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. *United States v. Zayyad*, 741 F.3d 452, 462 (4th Cir. 2014). We review the sufficiency of the evidence underlying a criminal conviction "by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Jaensch*, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the factfinder resolved all contradictions in the testimony in favor of the government. *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). We will not overturn a verdict if "any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012) (emphasis and internal quotation marks omitted). As we have explained:

> Where physical facts and evidence are capable of more than one interpretation and reasonable inferences therefrom can be drawn by a jury, its verdict should not be disturbed. It is the jury's duty to weigh contradictory evidence and inferences, pass on the credibility of witnesses, and draw the ultimate factual conclusions. When there is substantial evidence to support the jury's verdict, as there is in this case, the verdict should not be set aside, even if we were inclined to draw contrary inferences.

*United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (citation omitted). Thus, "a sufficiency challenge presents a heavy burden, which a defendant will only overcome in cases where the prosecution's failure is clear." *Zayyad*, 741 F.3d at 462 (internal quotation marks omitted).

With regards to Count 1, "[t]he essential elements of . . . a distribution offense are (1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." *United States v. Hall*, 551 F.3d 257, 267 n.10 (4th Cir. 2009); *see United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983) ("To be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." (alteration and internal quotation marks omitted)). Taking the evidence in the light most favorable to the government, testimony established that a cooperating witness telephoned Squire's codefendant, Brandon Anderson, seeking to purchase a substantial quantity of heroin. Within three to five minutes of that phone call,

3

Squire left his apartment and drove to Anderson's apartment. Squire entered Anderson's apartment for approximately one minute, and then both men exited the apartment and got into Squire's truck. Squire drove Anderson to a local Motel 6, and law enforcement officers arrested the men as Squire exited the vehicle in the motel parking lot.

When the officers searched the men incident to arrest, they found a blue zipper-sealed bag containing approximately 9 grams of heroin on Anderson and $921 in cash on Squire. Testimony established that the going rate for heroin in the Raleigh, North Carolina, area was between $100 and $350 per gram, such that the $921 recovered from Squire was consistent with selling 9 grams of heroin. The officers also found a blue Samsung Verizon flip phone on the driver's side floorboard of Squire's truck.

Law enforcement officers subsequently executed a search warrant at Squire's apartment. The officers discovered a loaded revolver, ammunition, a large digital scale, and approximately 300 grams of heroin in the apartment in distinctive blue zipper-sealed bags that matched the bag recovered from Anderson at the motel. The color and consistency of the heroin in Squire's apartment was similar to that of the heroin recovered from Anderson. In a statement to police, Squire admitted ownership of the firearm and the heroin found in his apartment. Finally, the officers also discovered in the apartment a container of three blue Samsung Verizon flip phones that matched the phone recovered from Squire's truck. The phones were consistent with disposable "burner phones" used by drug dealers.

Taking the evidence together and permitting the government the benefit of all reasonable inferences that can be drawn therefrom, the evidence is sufficient to establish

4

Squire's participation in the possession with intent to distribute heroin at the motel. Accordingly, we affirm Squire's conviction as to Count 1.

Squire next challenges the sufficiency of the evidence supporting his conviction for the possession of a firearm during or in furtherance of a drug trafficking offense. Squire does not contest his engagement in a drug trafficking offense as charged in Count 2, nor does he contest his possession of the firearm recovered from his apartment; rather, he argues that the evidence failed to show that the firearm furthered the drug trafficking crime.

"[T]o prove the § 924(c) violation, the government was required to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. However, whether the firearm served such a purpose is ultimately a factual question." *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks omitted). In reaching this determination, the jury may consider:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted). We review the factual existence of the requisite nexus between the firearm and the drug trafficking crime for clear error. *United States v. Moore*, 769 F.3d 264, 269 (4th Cir. 2014).

Viewed in the light most favorable to the government, the evidence presented at trial established that, subsequent to Squire's arrest for the drug offense at the Motel 6,

5

law enforcement officers executed a search warrant at Squire's apartment. The officers recovered a loaded .357 revolver from Squire's living room floor. The firearm was in plain sight approximately one foot away from, and within an arm's length of, a bag containing more than 100 grams of heroin. Testimony established that 100 grams of heroin was a trafficking quantity and that firearms are tools of the drug trade commonly used by drug dealers for protection. Applying the *Lomax* factors, we conclude that a reasonable jury could find that Squire possessed the firearm in furtherance of his drug trafficking activities.

Squire's remaining arguments on appeal challenge his sentence, specifically, the district court's assessment of two criminal history points for his consolidated 2010 state convictions. We review a sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* We review a preserved claim of sentencing error for abuse of discretion and, if error is found, will reverse unless we conclude that the error was harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Squire argues that the district court procedurally erred by assessing two criminal history points for state offenses that Squire committed prior to age 18. We reject Squire's argument, as U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(A) (2016) contemplates

6

that juvenile offenses may, in certain circumstances, be taken into account when calculating criminal history points. Squire's convictions meet these circumstances and, thus, were appropriately assessed criminal history points.

Finally, Squire argues that the same prior convictions were improperly scored because the state court failed to advise him of the full implications of his guilty pleas, rendering his pleas involuntary and his convictions infirm. Generally, unless a prior conviction has been "reversed, vacated, or invalidated in a prior case," a defendant may not collaterally attack the validity of an identified prior conviction that is being used to enhance his federal sentence. *United States v. Bacon*, 94 F.3d 158, 161-63 (4th Cir. 1996). The only recognized exception to the rule is in the case of convictions obtained in violation of the right to counsel. *See Custis v. United States*, 511 U.S. 485, 487 (1994); *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004). Because Squire has not alleged a violation of his right to counsel, we conclude that he cannot collaterally attack his prior state convictions.

Accordingly, we affirm Squire's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7