**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4411**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FLORWER CARLIN LIZANO, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:16-cr-00649-RBH-1)

Submitted:  December 19, 2017                     Decided:  December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Beth Drake, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Florwer Carlin Lizano, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a 48-month sentence, which was a downward variance from Lizano's Sentencing Guidelines range of 57 to 71 months' imprisonment. Lizano timely appeals, challenging the district court's computation of his criminal history score. For the reasons that follow, we affirm.

Lizano asserts that his prior South Carolina convictions for driving under the influence should not have been counted in the computation of his criminal history score because the record does not show that, at the time of those convictions, he was afforded his Sixth Amendment right to counsel. The presentence report indicated with respect to those convictions that Lizano waived attorney representation and that no further information was available.

While a defendant may challenge the validity of a prior conviction on the ground that he was denied counsel, *see Custis v. United States*, 511 U.S. 485, 495-96 (1994), Lizano bears the "heavy burden" of showing that the prior conviction is invalid on this basis. *United States v. Jones*, 977 F.2d 105, 110-11 (4th Cir. 1992); *see United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004) ("[E]ven when an arguable *Custis* challenge is raised, the defendant bears an especially difficult burden of proving that the conviction was invalid."). The determination of whether counsel has been waived is reviewed de novo. *Hondo*, 366 F.3d at 365.

Specifically, Lizano bore the burden of overcoming the presumption that the state court informed him of his right to counsel, as it was required by statute to do, and that, if

2

he was not represented, it was because he waived his right to counsel.[*] *See Parke v. Raley*, 506 U.S. 20, 28-34 (1992) (holding "presumption of regularity that attaches to final judgments makes it appropriate" for defendant to have burden of showing irregularity of prior plea). Lizano clearly did not meet this burden in this case. He submitted neither documentary evidence nor testimony at the sentencing hearing to establish that he was convicted, in either instance, in a manner that violated his constitutional right to counsel. *Cf. Jones*, 977 F.2d at 110-11 (explaining why defendant's "vague [and] inconclusive testimony" about distant events was insufficient to carry his burden of showing invalidity of prior conviction). We conclude that, in the absence of any contrary evidence, the district court properly rejected Lizano's claim based on the presumption that the relevant South Carolina law was followed in the challenged cases.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A criminal defendant's right to counsel is protected by the Sixth Amendment to the United States Constitution. South Carolina law also has codified the specific mandatory process that must be employed before a defendant is permitted to waive his right to counsel. *See* S.C. Code Ann. § 17-3-10 (2014) ("Any person entitled to counsel under the Constitution of the United States shall be so advised and if it is determined that the person is financially unable to retain counsel then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto.").