**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4528**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY D. LARKIN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Senior District Judge. (5:18-cr-00027-1)

Submitted: February 28, 2019                    Decided: March 6, 2019

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant. Timothy Doyle Boggess, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Damond Larkin appeals the 188-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal.[*] Counsel questions, however, whether the district court properly sentenced Larkin as a career offender and whether the district court's sentence is procedurally and substantively reasonable. Larkin has filed a supplemental pro se brief, arguing that the district court improperly sentenced him as a career offender and that counsel improperly failed to object to the career offender designation at sentencing. Finding no reversible error, we affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Larkin questions whether the district court erred in sentencing him as a career offender and denying his motion for a downward variance. Larkin did not raise these objections at sentencing, so we review for plain error. *United States v. Riley*, 856 F.3d 326, 328 (4th Cir.) (stating standard of review), *cert. denied*, 138 S. Ct. 273 (2017). We have held that "in analyzing whether a defendant is a career

---

[*] In his plea agreement, Larkin waived the right to appeal his conviction and sentence, except for claims of ineffective assistance of counsel. But because the Government has not invoked the appellate waiver on appeal, we are not limited by the waiver provision in conducting our review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

offender, a district court must count as a predicate conviction a prior state court offense that has not been reversed, vacated, or invalidated," *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004), so the district court properly concluded that Larkin's 1998 conviction qualified as a career offender predicate. The district court also properly counted Larkin's predicate convictions separately, contrary to his assertion that they should be counted together. *See* United States Guidelines Manual § 4A1.2(d) (2016). And the district court explained its view that in light of Larkin's lengthy involvement in the drug trade, the 188-month sentence was "sufficient, but not greater than necessary, to achieve the objectives set forth in [18 U.S.C. § 3553(a) (2012)]." Thus, the district court did not err—plainly or otherwise—in designating Larkin as a career offender and sentencing him within the resultant advisory Guidelines range. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that Larkin's sentence is procedurally and substantively reasonable.

Finally, Larkin contends that his counsel was ineffective because counsel did not object to the career offender designation at sentencing. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Given that the district court correctly designated Larkin as a career offender, we conclude that Larkin fails to meet this high standard.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Larkin, in writing, of the right to

3

petition the Supreme Court of the United States for further review.  If Larkin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Larkin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*