**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.                                                                                    No. 95-5653

BRIAN BACON, a/k/a Brian Hillard,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-95-28)

Argued: June 7, 1996

Decided: August 30, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Williams wrote
the opinion, in which Judge Wilkins and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Anthony Paul Giorno, Assistant United States Attorney,
Roanoke, Virginia, for Appellant. Patrick Campbell Buchanan, Jr.,
ERIC ROLAND SPENCER, P.C., Roanoke, Virginia, for Appellee.
**ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Roanoke,
Virginia, for Appellant.

_____

**OPINION**

WILLIAMS, Circuit Judge:

In this appeal, we decide whether a district court must count a prior state conviction that the defendant contends is invalid in evaluating whether he satisfies the criteria for a sentence enhancement as a career offender under the Sentencing Guidelines. See United States Sentencing Guidelines, Guidelines Manual,§ 4B1.1 (Nov. 1994). The United States appeals Brian Bacon's sentence of 150 months imprisonment for possession with intent to distribute cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1981), because the district court refused to enhance Bacon's sentence under § 4B1.1. Relying largely on Bacon's allegation that newly discovered evidence proved his innocence of a prior state offense, the district court stated, "I just don't think he really is a career offender" (J.A. at 47), and thereafter sentenced Bacon as if he were not a career offender. Because Bacon has not alleged that he was deprived of counsel or any other constitutional right in connection with the prior conviction, the district court was required to count it as a predicate offense. See Custis v. United States, 511 U.S. 485, 114 S. Ct. 1732 (1994); United States v. Byrd, 995 F.2d 536, 540 (4th Cir. 1993), cert. denied, 114 S. Ct. 2140 (1994). We therefore vacate the sentence imposed and remand for resentencing.

I.

Bacon pleaded guilty in district court to possession with intent to distribute cocaine base. In the Presentence Investigative Report (PSR), the United States Probation Officer determined that Bacon qualified for an enhanced sentence as a career offender because he previously had been convicted of two violent felonies. See U.S.S.G. § 4B1.1. In 1980, Bacon was convicted of attempted robbery in the Superior Court of New York at age seventeen, and, in 1984, he was convicted of robbery at age twenty-two. Bacon was represented by appointed counsel in connection with both convictions. Pursuant to § 4B1.1, the Probation Officer assigned Bacon an offense level of 37 and a criminal history category of VI. See U.S.S.G. § 4B1.1. After reducing the offense level by two points to 35 for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), the Probation Officer calculated a guideline range of 292 to 365 months imprisonment.

2

Bacon's counsel did not object to the Probation Officer's finding that Bacon was a career offender; instead he moved for a downward departure from a career offender sentence under§ 4A1.3, asserting that Criminal History Category VI overstated the seriousness of Bacon's criminal history. At the sentencing hearing, the district court heard the parties' arguments and Bacon's testimony regarding his motion for a downward departure. The district court also informed the parties that Bacon personally had written two letters to the court in which he stated that he was innocent of the 1984 robbery and described his efforts to have that conviction set aside on the basis of newly discovered evidence. Discussing Bacon's letters, the court found that "he was objecting . . . to being classified as a career offender." (J.A. at 29.) Based on the information in those letters, the district court questioned Bacon about the circumstances surrounding his robbery conviction.

The district court then reviewed the PSR and initially assessed Bacon's potential sentence as a career offender. Awarding him a three-point reduction for acceptance of responsibility, the district court adjusted Bacon's offense level from 37 to 34, which, combined with a criminal history category of VI, produced a guideline range of 262 to 327 months imprisonment. The district court, however, elected not to sentence Bacon as a career offender, explaining:

> I just don't think he really is a career offender. He wrote to me, he told me that he's in the process of trying to get one of [the robbery convictions] set aside and then the other one was an attempted robbery at the time that he was seventeen (17) and based on that I just don't believe he is a career offender as intended by the guidelines and by Congress.
>
> . . . .
>
> He's trying -- at the present time -- he wrote me he's trying to get a new trial based on after discovered evidence or to get it set aside.

(J.A. at 47.) Consequently, the district court stated in its Judgment in a Criminal Case that it found that "the defendant[did] not meet the guideline criteria for career offender." (J.A. at 53.) The Judgment also

3

indicated that the court found "no reason to depart from the sentence called for by application of the guidelines," thereby suggesting that the sentence imposed did not reflect the downward departure for which Bacon moved. Id.

In sentencing Bacon without an enhancement for career offender status, the district court calculated his base offense level at 32 because he was responsible for 99.55 grams of cocaine base, see U.S.S.G. § 2D1.1(c)(4), and deducted three points for acceptance of responsibility, resulting in an adjusted offense level of 29. Because of his history of prior convictions, Bacon received a criminal history category of IV, see U.S.S.G. § 4A1.1(a), which produced a guideline range of 121 to 151 months incarceration. The district court sentenced Bacon to 150 months, a sentence at least 112 months shorter than the minimum term Bacon would have received as a career offender.

II.

The United States appeals, characterizing Bacon's sentence as an erroneous downward departure from the Sentencing Guidelines, but we view the sentence instead as a reflection of the district court's failure to apply the career offender guideline. The United States contends that the district court "invalidated" Bacon's predicate offenses by departing downward on the basis of his collateral challenge to the 1984 robbery conviction and his youth at the time of the 1980 attempted robbery conviction. (Appellant's Br. at 4.) Bacon in turn argues that the district court justifiably departed downward from his career offender sentence under § 4A1.3 on the basis of many factors -- such as his education, intelligence, and potential for rehabilitation -- in addition to Bacon's claim of innocence of a predicate offense.

For good reason, both the United States and Bacon believed the district court granted Bacon's motion for a downward departure. (See, e.g., Appellant's Br. at 3; Appellee's Br. at 1.) The district court did not otherwise explain the sentence imposed, and neither party anticipated that the court would reject Bacon's career offender status, particularly since Bacon's counsel did not object to it. Moreover, the parties' arguments and the testimony at sentencing focused on the merits of a downward departure under § 4A1.3. The United States first learned of Bacon's letters to the district court at the hearing and

4

thus had no notice that the court would perceive them as an objection to career offender status. When the district court pronounced Bacon's sentence, therefore, the parties understandably believed it had granted Bacon's motion for a downward departure.

Having thoroughly reviewed the record, however, we conclude that the district court did not grant the motion to depart downward.[1] The district court's docket sheet does not reflect the entry of a ruling on Bacon's motion, and the Judgment entered states that no departure was made. Moreover, the district court construed Bacon's letters to the court as an objection to the Probation Officer's finding that he was a career offender. Implicitly then, Bacon's sentence was not a departure from the Guidelines, but resulted from the district court's failure to apply the career offender guideline, the propriety of which is the only issue before us on appeal.

III.

We find that neither the Guidelines, nor federal law, nor constitutional law, permitted Bacon to collaterally attack his predicate offense in the sentencing proceeding below. The district court therefore erred in disregarding one of Bacon's prior convictions and sentencing him as a non-career offender. The United States may appeal the district court's refusal to impose a career offender sentence as an incorrect application of the Guidelines. See 18 U.S.C.A. § 3742(b)(2) (West Supp. 1996). While we must give "due deference" to the district court's application of the Guidelines to the facts of Bacon's case, 18 U.S.C.A. § 3742(e) (West Supp. 1996), those facts are uncontested and this appeal turns on a purely legal question-- whether the district court was authorized to disregard a prior robbery conviction that otherwise counts as a predicate offense based on a defendant's claim that he has obtained new, exculpatory evidence in connection with that crime. Our review therefore approaches a de novo standard. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

We observe at the outset that if the 1984 robbery conviction counts as a predicate offense, and we conclude that it does, Bacon meets the

_____

[1] Of course, because this issue is not before us, we express no opinion on whether a justified basis for departure exists.

criteria for an enhanced sentence as a career offender. Under § 4B1.1, Bacon's Criminal History Category automatically is elevated to VI and his offense level to 37 because: (1) he was at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction is a controlled substance offense; and (3) he has two prior felony convictions for crimes of violence.**2** Therefore, Bacon's case facially meets the criteria for a career offender sentence under the Guidelines, and we turn now to the question of whether the district court erred in deciding not to count the robbery as a predicate offense.

Whether a prior conviction must be counted under § 4B1.1 is determined by reference to § 4A1.2. See U.S.S.G. § 4B1.2, comment. (n.4). Application Note Six to § 4A1.2 provides that a sentencing court must count a predicate conviction that has not been reversed, vacated, or invalidated in a prior case, unless federal law or the Constitution secures the defendant's right to challenge the conviction in the current sentencing proceeding:

> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law.

U.S.S.G. § 4A1.2, comment. (n.6.) (citation omitted).

_____

**2** Bacon's state robbery offenses are violent felonies. See U.S.S.G. § 4B1.2, comment. (n.2) (expressly defining robbery as a crime of violence and including any offense, such as attempted robbery, that "by its nature, presented a serious potential risk of physical injury to another"). In addition, although the Guidelines generally do not count adjudications before age eighteen as predicate convictions, see U.S.S.G. § 4A1.2, comment. (n.7), Bacon's attempted robbery at age seventeen nevertheless counts because he was tried as an adult for that offense and received a sentence in excess of one year and one month. See U.S.S.G. § 4A1.2(d). Finally, Bacon was incarcerated for both of the predicate offenses within fifteen years of the instant offense. See U.S.S.G. § 4A1.2(e).

6

Bacon's robbery conviction has not been reversed, vacated, or invalidated in any prior case.**3** And, a federal sentencing court cannot "approve, enforce, or vacate [a] prior conviction," but must sentence Bacon properly for the instant offense. United States v. Mitchell, 18 F.3d 1355, 1361 (7th Cir.), cert. denied, 115 S. Ct. 640 (1994).

The 1984 robbery conviction therefore counts as a predicate offense under § 4B1.1 unless federal or constitutional law provides an avenue for Bacon's collateral attack.**4** See U.S.S.G. § 4A1.2, comment. (n.6.) Bacon, however, has not called our attention to any authority for his challenge, and we know of none. Although 21 U.S.C.A. § 851(c) (West 1981) allows a defendant to challenge the validity of a prior conviction used to enhance a statutory sentence for a federal drug offense, see Custis, 114 S. Ct. at 1736-37 (examining 21 U.S.C.A. § 851(c)), that section does not extend to enhancements under the Guidelines. See United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995) (joining other circuits in holding that the requirement under § 851(a) that the Government file an information reciting the

_____

**3** Indeed, Bacon's failure to seek post-conviction relief in the state courts or in a federal habeas court since his robbery conviction in 1984 "bespeak[s] a recognized lack of basis for doing so, thus raising in question the basis now claimed for making the attempt in an even more attenuated collateral setting." United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992), cert. denied, 507 U.S. 939 (1993).

Of course, if Bacon succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction. See Custis, 114 S. Ct. at 1739; see 28 U.S.C.A. § 2255 (West 1994); United States v. Nichols, 30 F.3d 35 (5th Cir. 1994) (holding that a petitioner who obtained a vacatur of a state conviction underlying a federal career offender enhancement stated a claim for relief under 28 U.S.C.A. § 2255) (per curiam).

**4** The meaning of the term "collateral attack" in the sentencing context differs from its meaning in the context of a habeas corpus action, because a defendant before a federal sentencing court "is not asking [the] federal court to vacate his prior state conviction, but merely, when determining his sentence, to disregard the fact that he has a prior conviction." See Mitchell, 18 F.3d at 1358 n.1. For purposes of sentencing, the defendant "attacks" a prior conviction in the sense that he asks the district court to disregard it as a potential predicate offense.

7

prior convictions before entry of a guilty plea does not apply to Guidelines enhancements). Moreover, the federal statute implemented by the career offender guideline lacks any indication that Congress intended to permit this sort of challenge to the counting of a predicate offense. See 28 U.S.C. § 994(h) (West 1993 & Supp. 1996) (directing the Sentencing Commission to "assure that the guidelines specify a sentence [for career offenders] to a term of imprisonment at or near the maximum term authorized" by federal law). By omitting authority for collateral attacks from § 994(h), Congress suggested that it did not intend to give that right to career offenders under the Guidelines. Cf. Custis, 114 S. Ct. at 1736 (noting that "when Congress intended to authorize collateral attacks on prior convictions at the time of sentencing, it knew how to do so" with express statutory language).

Furthermore, in his letters and testimony, Bacon did not allege that the 1984 robbery conviction suffered from any constitutional infirmity; he merely asked the district court to disregard the robbery offense because he had discovered new evidence in connection with that conviction. We can perceive no constitutional basis for this objection, particularly because Bacon was represented by appointed counsel during his trial for the 1984 offense. In Custis, the Supreme Court held that a defendant may not collaterally attack a prior conviction underlying a statutory sentence enhancement unless the prior conviction was obtained in the absence of counsel. See Custis, 114 S. Ct. at 1731-32. Because Bacon was represented by counsel, there is no constitutional basis for the district court to consider his newly discovered evidence in connection with the robbery conviction.

Moreover, there are compelling reasons not to entertain Bacon's collateral attack. Although it arises under the Sentencing Guidelines, Bacon's case is analogous to Custis, in which the Supreme Court outlined significant jurisprudential and practical reasons for precluding a federal defendant subject to an enhanced sentence under the Armed Career Offender Act (ACCA), 18 U.S.C. § 924(e), from using "the federal sentencing forum to gain review of his state convictions." Custis, 114 S. Ct. at 1739. The Court concluded that "Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process." Id. Such review would burden the district courts with the task of "rummag[ing] through frequently nonexistent or difficult to obtain state court transcripts or

8

records that may date from another era, and may come from any one of the 50 states." Id. at 1738-39. The Court also acknowledged the "interest in promoting the finality of judgments," which applies "with at least equal force" in the sentencing context as it does in a habeas corpus action. Id. at 1739.

Custis therefore prohibited a defendant from attacking a predicate offense underlying a statutorily mandated sentence enhancement, and, like many of our sister circuits, we find its reasoning equally compelling in the context of Guidelines sentencing.[5] As in statutory sentencing cases, unrestricted challenges to predicate offenses in Guidelines cases would "place a substantial burden both on the prosecutors who [would] be forced to defend the predicate convictions used in sentence enhancement, and on the district judges who[would] be forced to hear those challenges." Custis, 988 F.2d 1355, 1361 (4th Cir. 1993), aff'd, 511 U.S. 540 (1994); see also United States v. Burke, 67 F.3d 1, 3 (1st Cir. 1995) (surveying practical barriers including the complexity of the records and delay in obtaining them, potential for error in the absence of parties to prior case, and the finality doctrine). Many of these very pitfalls appear in Bacon's case. During the course of sentencing in district court for a federal narcotics offense, Bacon professed his innocence of a robbery that occurred in New York more than a decade earlier. He testified at the hearing about details concerning a state witness in the robbery trial who supposedly perjured herself. If the United States had been on notice that the district court

_____

[5] At least eight other courts of appeals have extended Custis to Guidelines cases. See, respectively, United States v. Cordero, 42 F.3d 697, 701 (1st Cir. 1994); United States v. Jones, 27 F.3d 50, 52 (2d Cir.) (per curiam), cert. denied, 115 S. Ct. 377 (1994); United States v. Thomas, 42 F.3d 823, 824 (3d Cir. 1994); United States v. Bonds, 48 F.3d 184, 186-87 (6th Cir. 1995); United States v. Arango-Montoya, 61 F.3d 1331, 1336 (7th Cir. 1995); United States v. Killion , 30 F.3d 844, 846 (7th Cir. 1994), cert. denied, 115 S. Ct. 954 (1995); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam); United States v. Burrows, 36 F.3d 875, 885 (9th Cir. 1994); United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994); see also United States v. Burke, 67 F.3d 1, 3 (1st Cir. 1995) (holding that a defendant has no right to challenge the legality of a predicate federal offense under § 5G1.3(a), which requires the district court to impose a sentence consecutive to a prior federal sentence).

intended to entertain this objection to Bacon's career offender status, how would it have substantiated the robbery conviction? Would it have called the state witness, produced the state prosecutor, or introduced documentary evidence related to the state conviction? Obviously, with the noted exceptions, a federal sentencing court is an improper forum for airing a defendant's grievances concerning a prior conviction, whether in the context of statutory or Guidelines sentencing. See United States v. Bonds, 48 F.3d 184, 187 (6th Cir. 1995).

Finally, we previously have ruled that the Sentencing Guidelines do not independently authorize a collateral attack on a predicate offense. See United States v. Byrd, 995 F.2d 536, 540 (4th Cir. 1993), cert. denied, 114 S. Ct. 2140 (1994). In Byrd, the defendant argued that the 1991 Guidelines Manual authorized a federal court to consider his claim that one of the predicate offenses used to establish his career offender status under § 4B1.1 was the product of an involuntary guilty plea. Id. We concluded that Application Note Six to § 4A1.2 provided "no independent authority for a district court to refuse to count a prior conviction that has not previously been ruled constitutionally invalid." Id. at 539. [6] The Sentencing Commission has since deleted the troublesome background commentary upon which Byrd rested his case, and the Guidelines now clearly do not authorize challenges to predicate offenses, with the exception of those based on previous adjudications, federal law, or a prior denial of legal representation as explained in Custis. See U.S.S.G. § 4A1.2, comment. (n.6.) (Nov. 1994).

_____

[6] We reached this conclusion under the 1991 version of the Guidelines Manual, which provided, "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." U.S.S.G. § 4A1.2, comment. (back'd.) (Nov. 1991). In combination with Application Note Six to § 4A1.2 (which is substantially the same as the first sentence of today's version and is quoted supra in the text) these provisions contained "conflicting signals on the propriety of entertaining constitutional challenges to predicate convictions." Custis, 988 F.2d at n.2 (noting that U.S.S.G. § 4A1.2, comment (back'd.) at that time left the issue to the courts to decide, and they reached conflicting results); see also Byrd, 995 F.2d at 539 (noting that courts of appeals took different approaches to this issue under the guidelines then in effect).

10

For all of these reasons, the district court should have counted Bacon's robbery conviction, as well as his attempted robbery conviction, as predicate offenses under the career offender guideline. Sentencing Bacon to a 150 month term of imprisonment as a non-career offender contravened Congress's expressed intention to see career offenders sentenced at or near the maximum term authorized by statute, a life term in Bacon's case. See U.S.S.G. § 4B1.1, comment. (back'd.) (noting that § 4B1.1 implements this mandate as set forth in 28 U.S.C. § 994(h)). The district court had no authority to reject Bacon's career offender status. Under § 4B1.1, a career offender who is subject to a statutory maximum term of life imprisonment "shall" have offense level 37 (which can be adjusted for acceptance of responsibility) and criminal history category VI. After an adjustment for acceptance of responsibility, the district court was correct in its initial calculation of Bacon's offense level of 34, which produced a guideline range of 262 to 327 months imprisonment.

IV.

Because the district court improperly failed to sentence Bacon within the appropriate sentencing range, we vacate the sentence imposed and remand for resentencing. See 18 U.S.C.A. § 3742(f)(1).

VACATED AND REMANDED

11