**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4689

RAY ALLEN SPARKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-26-V)

Submitted: September 23, 1997

Decided: November 10, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

John E. Hall, Bradley J. Cameron, Wilkesboro, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Kenneth D.
Bell, First Assistant United States Attorney, Charlotte, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ray Allen Sparks appeals the 135-month sentence he received after he pled guilty to conspiring with Rex Love and Charlie Moore to possess with intent to distribute and distribute marijuana from 1991 until all three were arrested in January 1995. See 21 U.S.C.A. § 846 (West Supp. 1997). Sparks contends that the district court clearly erred in finding that he was Moore's manager or supervisor on the basis of hearsay information in the presentence report. See U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995). He further argues that the court erred in determining his criminal history category. We affirm in part, vacate in part, and remand for further proceedings.

Sparks, Love, and Moore were part of a larger conspiracy which purchased large amounts of marijuana from Mexican suppliers in Texas and Arizona and transported it to North Carolina. Love was head of the Wilkes County organization. Sparks assisted Love. He recruited Moore to unload marijuana and paid him for his help with four loads during 1991 and 1992. Sparks also kept records of distributors in Wilkes County and the amounts of marijuana they received. After hearing testimony concerning Sparks' role in the offense, the district court found that he was a manager or supervisor. We cannot find that the district court clearly erred in making this determination.

Sparks had three criminal history points, all resulting from a 1989 conviction for assault. He received one point for his sentence of five years unsupervised probation and two points for committing the instant offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(c)-(d). At the sentencing hearing, he requested a downward departure on the ground that his criminal history overstated his past criminal conduct, see U.S.S.G. § 4A1.3, p.s., but the district court declined to depart. After he was sentenced, Sparks filed a Motion for Appropriate Relief in the district court of Wilkes County, asking that

2

his 1989 conviction and sentence for assault be vacated and that he be granted a new trial on the ground that his guilty plea was involuntary. The motion was granted and a new trial was ordered. On appeal, Sparks asserts that his criminal history was wrongly calculated in the first place and requests a remand for further proceedings now that the assault conviction has been vacated.

We find that the district court correctly calculated Sparks' criminal history at the sentencing hearing. However, because the assault conviction has since been overturned, we remand to allow the district court to reconsider his criminal history score. If the issue were not resolved now, Sparks could raise it in a later motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), see United States v. Bacon, 94 F.3d 158, 161 n.3 (4th Cir. 1996), but we see no reason to require Sparks to initiate a new proceeding.

We therefore affirm the district court's determination of Sparks' role in the offense but vacate the sentence and remand for reconsideration of his criminal history. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED, IN PART, AND REMANDED

3