UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARL GREEN, a/k/a Slim, a/k/a
Cock-eyed Carl,
*Defendant-Appellant.*

No. 02-4311

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RICHARD BLUNT, a/k/a Bridgett
Blunt,
*Defendant-Appellant.*

No. 02-4549

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-388)

Submitted: February 13, 2003

Decided: March 18, 2003

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Craig W. Sampson, LAW OFFICE OF CRAIG SAMPSON, Richmond, Virginia; Andrew D. Grimes, LAW OFFICE OF ANDREW D. GRIMES, Summerville, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

In these consolidated appeals, Richard Blunt (No. 02-4549) and Carl Green (No. 02-4311) appeal their convictions pursuant to guilty pleas for their involvement in a conspiracy to distribute heroin. Blunt challenges his convictions and twenty-four month sentence for conspiracy to possess with the intent to distribute and to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000), and 18 U.S.C. § 2 (2000). Green attacks his convictions and 188-month sentence for possession with intent to distribute and distribution of less than 100 grams of heroin, in violation of § 841(a)(1).

Blunt asserts the district court erred in determining his criminal history because he was denied counsel during the course of several prior criminal proceedings that led to convictions attributed to him for sentencing purposes. A defendant who was impermissibly denied counsel in prior criminal proceedings may challenge the use of those earlier convictions to enhance his sentence under the United States Sentencing Guidelines. *United States v. Bacon*, 94 F.3d 158, 163-64 (4th Cir. 1996).

Blunt concedes the record is silent as to whether he waived his right to counsel as to the convictions in question. As Blunt did not

assert this issue at sentencing, he may not raise it on direct appeal because it relies on evidence that is not part of the record. *United States v. Russell*, 971 F.2d 1098, 1112 (4th Cir. 1992). The appropriate vehicle for such challenges is a motion pursuant to 28 U.S.C. § 2255 (2000).

Green raises two issues on appeal. First he asserts that counsel failed to correct his own inaccurate estimate of Green's likely sentence following a guilty plea and failed to appropriately explain the gravity of the application of the Sentencing Guidelines to his case. However, the record does not conclusively show that counsel's representation fell below an objective standard of reasonableness. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Accordingly, we decline to consider this claim on direct appeal as it is better addressed in a post-conviction proceeding commenced under 28 U.S.C. § 2255 (2000).

Green also contends his guilty plea was improperly obtained. Because Green failed to move to withdraw his plea in the district court, we review for plain error. *See United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). The record shows that the district court conducted a thorough Fed. R. Crim. P. 11 inquiry; therefore, we find the plea validly entered. *See United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995).

Therefore, we affirm Blunt and Green's convictions and sentences. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court.

*AFFIRMED*