**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5032

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WOODY, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:06-cr-00062-1)

Submitted: August 18, 2008      Decided: September 5, 2008

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis H. Curry, Spencer, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Woody, Sr., pled guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2000) (Count One); maintaining a place for drug purposes, in violation of 21 U.S.C.A. § 856(a)(1) (West 1999 & Supp. 2008) (Count Two); and aiding and abetting the distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (2) (2000) (Counts Three through Six).  The district court sentenced him to 120 months in prison.  Woody timely appeals. Finding no error, we affirm.

On January 16, 2007, Woody pled guilty pursuant to a written plea agreement to Count Two of the indictment.  The district court deferred acceptance of the plea agreement until after preparation of the presentence investigation report ("PSR"). At sentencing, after reviewing the PSR and hearing the defendant's objections to the PSR, the Government's evidence in favor of certain sentence enhancements, and testimony from the defendant, the district court announced that it rejected the plea agreement, and the matter was scheduled for a jury trial.  After a jury was impaneled, Woody pled guilty without a plea agreement to all six counts of the indictment.  On appeal, Woody challenges the district court's rejection of the plea agreement.  He also raises several challenges to his sentence.

Woody first argues that the district court improperly rejected his plea agreement without articulating reasons for doing

2

so.  Woody may not raise this claim on appeal, as his subsequent, voluntary plea of guilty forecloses his right to challenge such antecedent, non-jurisdictional defects.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Bundy, 392 F.3d 641, 644-45 (4th Cir. 2004).  Moreover, a defendant does not have a constitutional right to have his guilty plea accepted by the court.  North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970); see also United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)).  Accordingly, we decline to consider whether the district court's rejection of the plea agreement was erroneous.

Woody next challenges his sentence on four grounds.  He argues that the district court improperly calculated his sentence by determining that the cash found in his house was drug proceeds and considering it as relevant conduct; by adding a two-level enhancement for his supervisory role in the offense; by assigning criminal history points for prior convictions for which Woody did not have counsel; and by using a "preponderance of the evidence" standard of proof on sentencing issues.

In choosing a sentence, a district court must (1) properly calculate the advisory guidelines range; (2) allow the parties to argue for an appropriate sentence; (3) consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors in light of the parties' arguments and make an individualized assessment based on

3

the facts; and (4) adequately explain its reasons for choosing the sentence, including the justification for any variance from the guidelines. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). We review the district court's factual findings for clear error, United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006), and its choice of sentence for abuse of discretion. Gall, 128 S. Ct. at 597.

Woody first contends that the district court improperly determined the cash found in his home was drug proceeds, converted the money into drug weight, and counted it as relevant conduct. The calculation of drug quantity is a factual finding reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). Woody argues that the cash was a loan from his wife, he and his wife having testified that she loaned him the money for unspecified debts. Despite Woody's assertion that the cash was not drug proceeds, marked money that was used by confidential informants to purchase drugs from Woody was found commingled with the cash Woody claims was a loan. In light of the vague testimony about the loan and the commingled marked money, the district court discredited the testimony of both Woody and his wife and, we conclude, reasonably determined that the money was proceeds from drug sales. This factual finding was not clearly erroneous.

4

Next, Woody argues that the district court improperly enhanced his sentence under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(c) (2006), finding he had a supervisory role in the offense. Pursuant to U.S.S.G. § 3B1.1(c), a defendant is properly assigned a two-level enhancement if he is an "organizer, leader, manager, or supervisor in any criminal activity." Woody alleges that the three members of the drug conspiracy were coequals, and the other two members, Brian Woody and Shawn Bragg, were in charge of their own drug distribution business. We conclude that the record supports the district court's application of the supervisory enhancement, as Woody was the point of contact for the drug transactions and set up the meetings between Brian Woody, Shawn Bragg, and the customers. Based upon the record, we conclude the district court did not clearly err when it assigned Woody two points for a supervisory role in the conspiracy.

Woody also asserts that the district court improperly assigned criminal history points for prior convictions because he was not represented by counsel. Woody was convicted in November 1994 of uttering a forged document and obtaining money under false pretenses in the Circuit Court of Nicholas County, West Virginia. The state court denied Woody appointed counsel based upon his financial affidavits. Woody cites United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996), for the proposition that a conviction obtained in violation of the right to counsel is an exception to

5

the general rule that a state conviction may not be collaterally attacked in federal court. This exception applies when the court fails to appoint counsel for an indigent defendant. See Custis v. United States, 511 U.S. 485, 487, 496 (1994). Woody, however, was not indigent, and was denied court-appointed counsel because the court determined that he could afford to hire counsel. Therefore, the convictions in question were properly considered as part of Woody's criminal history.

Finally, Woody argues the district court erroneously used the "preponderance of the evidence" standard of proof at sentencing, resulting in an unreasonable sentence. Woody argues that the court was required to use the "beyond a reasonable doubt" standard to make such factual findings. Woody did not raise this issue at sentencing; thus it is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

Pursuant to the remedial portion of United States v. Booker, 543 U.S. 220, 245 (2005), sentencing judges may make findings of fact under a preponderance of the evidence standard "so long as [the] Guidelines Sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). This procedure does not violate the Sixth Amendment. Id. Because the district court properly used the preponderance standard to enhance Woody's sentence, Woody's claim is meritless.

6

Accordingly, we affirm Woody's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>