**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4661**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

JOSHUA MICHAEL COGDELL,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:07-cr-01521-JFA-2)

———————

Submitted:  February 12, 2010          Decided:  March 5, 2010

———————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John D. Clark, CLARK LAW FIRM, LLC, Sumter, South Carolina, for
Appellant.   W. Walter Wilkins, United States Attorney, Stanley
D. Ragsdale, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Michael Cogdell pled guilty to two counts in a nine-count superseding indictment for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (2006), and for use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). At sentencing, Cogdell objected to the inclusion in his presentence report ("PSR") of a 2006 state court conviction for possession with intent to distribute cocaine ("the 2006 conviction"). The 2006 conviction was determined to be a predicate offense for the purpose of designating Cogdell as a career offender under the U.S. Sentencing Guidelines ("USSG") § 4B1.1 (2008). Cogdell argued that his guilty plea for the 2006 conviction was obtained without the assistance of counsel. The court found that Cogdell had knowingly and voluntarily waived his right to counsel, adopted the presentence report ("PSR") in its entirety, and sentenced Cogdell to 308 months in prison as a result of his designation as a career offender. Cogdell appeals, arguing that the district court erred in designating him as a career offender under USSG § 4B1.1 because he did not knowingly and intelligently waive the right to counsel at the plea hearing for the 2006 conviction.

To be classified as a career offender under § 4B1.1, the defendant must have been at least eighteen years old at the

2

time he committed the offense of conviction, the offense of conviction must be "a crime of violence or a controlled substance offense," and the defendant must have two prior felony convictions "of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Generally, unless a prior conviction has been "reversed, vacated, or invalidated in a prior case," the court must count the conviction as a predicate conviction. United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996). Moreover, defendants typically cannot collaterally challenge a predicate conviction during a sentencing proceeding. See id. at 163-64. The exception to this rule permits a defendant to challenge the convictions used to enhance his sentence when such convictions are "obtained in the absence of counsel." Id. at 162 (citing Custis v. United States, 511 U.S. 485 (1994)). When a defendant challenges his conviction on this ground, "[t]he determination of whether the right to counsel has been waived is a question of law that we review de novo." United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004). When a defendant raises this type of challenge to a prior conviction, he "bears an especially difficult burden of proving that the conviction was invalid." Id.

It is well-settled that waiver of one's right to counsel "must be a 'knowing, intelligent, ac[t] done with sufficient awareness of the relevant circumstances.'" Iowa v.

3

Tovar, 541 U.S. 77, 81 (2004) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)) (alteration in original). In the context of acceptance of a guilty plea from an uncounseled defendant, there is no specific warning "mandated by the Sixth Amendment," nor has the Supreme Court "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." Id. at 81, 88. Instead, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." Id. at 88. However, the Supreme Court has explained that generally, "[t]he constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id. at 81.

The record demonstrates that Cogdell, a high school graduate who had a number of prior convictions for which he had been represented by counsel, was informed by the state court judge that he was charged with possession with intent to distribute, that he faced a maximum of fifteen years in prison, and that if he wished to be represented at his plea he was

4

entitled to counsel. Moreover, the judge expressed his strong belief that Cogdell should not proceed without counsel, stated that doing so was unwise especially in a criminal proceeding, and told Cogdell that if he wished to reconsider representation, he would be permitted to do so at any time prior to entry of his plea. The transcript of the challenged guilty plea also shows that the Government recited the factual basis for the charge, to which Cogdell agreed; made clear that it was going to recommend a concurrent two-year sentence; and noted that it had shared all discovery with Cogdell prior to the plea. Finally, the court warned Cogdell of the rights he was giving up by accepting the plea, reminded him that if he went to trial the Government would bear the burden of proof on the charge, and confirmed multiple times that Cogdell wished to plead guilty. There is nothing in the record apart from Cogdell's own self-serving statements to demonstrate that Cogdell's waiver was not freely, intelligently, or voluntarily made, or that the circumstances relevant to this particular charge and defendant rendered the waiver involuntary. Therefore, the district court did not err in finding that Cogdell waived his right to counsel in state court, and in using the resulting conviction to sentence him as a career offender.

Accordingly, we affirm the district court's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED