**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5045**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LEROY DEANGELO DARITY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00013-MR-4)

Submitted:  September 27, 2010        Decided:  November 3, 2010

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Deangelo Darity appeals his conviction and 188 month sentence for one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Darity, who was sentenced as a career offender, argues that the district court erred in concluding that he could not collaterally attack three predicate 1993 North Carolina drug convictions, and accordingly, his sentence was unreasonable. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly

2

preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576.

Darity's claim is based in part on Lynn v. West, 134 F.3d 582 (4th Cir. 1998). In that case, we held that North Carolina's controlled substance tax ("Drug Tax") (as it existed prior to 1995) was a criminal penalty, rather than a civil one, and concluded that certain constitutional protections, including the Double Jeopardy Clause, must attach to the imposition of the tax. 134 F.3d at 588. Darity claims that because he paid the tax in 1993, and was convicted of offenses arising out of the same conduct, his convictions may not be considered in determining whether he is a career offender.

The merits of his claim aside, Darity may not now seek to collaterally attack his prior convictions to prevent the imposition of a career offender enhancement. According to the Guidelines:

> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently-discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

U.S. Sentencing Guidelines Manual § 4A1.2 n.6 (2009). The plain language of the Guidelines forecloses Darity's attack on his 1993 convictions. Furthermore, the Supreme Court has held that, at least in the context of a challenge to an enhancement pursuant to the Armed Career Criminal Act, there is no constitutional right to collaterally attack a prior conviction, with the exception of those convictions that were obtained in violation of the right to counsel. See Custis v. United States, 511 U.S. 485, 494-95 (1994); see also United States v. Bacon, 94 F.3d 158, 163 (4th Cir. 1996) (extending Custis to challenges to Guidelines calculations). Taken together, Custis and USSG § 4A1.2 stand for the proposition that "absent an allegation that the defendant was denied counsel in the prior proceeding, a district court sentencing a defendant may not entertain a collateral attack on a prior conviction used to enhance the sentence unless the attack is recognized by law." United States v. Longstreet, 603 F.3d 273, 277 n.3 (5th Cir. 2010); see Bacon, 94 F.3d at 161-64.

Accordingly, we conclude that the district court did not err in calculating Darity's Guidelines range, and the sentence was not procedurally unreasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

4

in the materials before the court and argument would not aid the decisional process.

AFFIRMED