**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4553**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAMIEN STEVENSON,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:12-cr-00549-CCB-1)

─────────

Submitted:  February 27, 2014      Decided:  April 16, 2014

─────────

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James Wyda, Federal Public Defender, Meghan S. Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Stevenson pled guilty to possession with intent to distribute cocaine base and was sentenced to 120 months of imprisonment. At sentencing, Stevenson objected to the inclusion in his presentence report ("PSR") of a Maryland state court conviction for possession with intent to distribute ("state conviction"), which was determined to be a predicate offense for the purpose of designating him as a career offender under U.S. Sentencing Guidelines ("USSG") § 4B1.1 (2012). Stevenson raises this issue again on appeal. For the reasons that follow, we affirm.

Stevenson argues that his state conviction was obtained without the assistance of counsel in violation of the Sixth Amendment. To be classified as a career offender under USSG § 4B1.1, a defendant must have been at least eighteen years old at the time he committed the offense of conviction, the offense of conviction must be "a crime of violence or a controlled substance offense," and the defendant must have two prior felony convictions "of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The district court found that the record revealed Stevenson had the assistance of counsel for his state conviction.

Generally, unless a prior conviction has been "reversed, vacated, or invalidated in a prior case," the court

2

must count the conviction as a predicate conviction. United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996). Moreover, defendants typically cannot collaterally challenge a predicate conviction during a sentencing proceeding. See id. at 163-64. The exception to this rule permits a defendant to challenge the convictions used to enhance his sentence when such convictions are "obtained in the absence of counsel." Id. at 162 (citing Custis v. United States, 511 U.S. 485 (1994)). When a defendant challenges his conviction on this ground, the determination of whether the right to counsel has been waived is a question of law that we review de novo. United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004). When a defendant raises this type of challenge to a prior conviction, he "bears an especially difficult burden of proving that the conviction was invalid." Id. (citation omitted).

The district court relied on state court records showing that Stevenson had counsel when he pled guilty to the state charge. Stevenson relies on his own affidavit as the basis for contending that he lacked any useful assistance of counsel when pleading guilty to the state charge. We have previously held, however, that the "self-serving testimony of the defendant" may not be enough to defeat the presumption of regularity that attaches to final judgments. United States v. Jones, 977 F.2d 105, 111 (4th Cir. 1997).

We conclude that Stevenson has failed to establish the demanding burden of showing that his conviction was invalid. Hondo, 366 F.3d at 365; Bacon, 94 F.3d at 162-63. Accordingly, we affirm. We dispense with oral argument as the facts and legal contentions are adequately addressed in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4