**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4348**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BRIAN ALLEN THORNTON,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00255-CCE-1)

Submitted: December 22, 2014      Decided: January 14, 2015

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Helen L. Parsonage, ELLIOT MORGAN PARSONAGE, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Allen Thornton pled guilty, pursuant to a written plea agreement, to conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). The court sentenced Thornton as a career offender to 250 months in prison, a term below his advisory Guidelines range. Thornton challenges his sentence on appeal. We affirm.

We review Thornton's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Cobler, 748 F.3d 570, 581 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014). "The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks and alterations omitted). We must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C.

2

§ 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

The U.S. Sentencing Guidelines Manual ("USSG") provides, in relevant part, that a defendant is a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense is a drug felony or crime of violence, and the defendant has at least two prior felony convictions for drug offenses or crimes of violence. See USSG § 4B1.1(a) (2012). Any prior sentence of imprisonment exceeding one year and one month is counted if it resulted in the defendant being incarcerated during any part of the fifteen years preceding the commencement of his instant offense. USSG §§ 4A1.2(e)(1); 4B1.2 cmt. n.3 (stating that counting provisions of USSG § 4A1.2 are applicable to counting of convictions under § 4B1.1). Generally, unless a prior conviction has been "reversed, vacated, or invalidated in a prior case," the court must count the conviction as a predicate conviction. United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996). The record before this court establishes that Thornton's prior convictions satisfy the requirements for the application of the career offender enhancement, as they resulted in his incarceration during the fifteen-year period prior to the commencement of the instant offense. We further conclude that Thornton has not

3

rebutted the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED