**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4344**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEQUANTEY MAURICE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00393-CCE-2)

Submitted:  October 25, 2021                          Decided:  January 14, 2022

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a conditional plea agreement, Dequantey Maurice Williams pled guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), reserving the right to appeal the denial of his motion to suppress evidence. The district court determined that Williams had three prior convictions for violent felonies and sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 222 months' imprisonment. Williams appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Williams was properly deemed to be an armed career criminal. Williams filed a pro se supplemental brief and several supplements to his brief contesting the denial of his motion to suppress evidence. We affirm.

During a traffic stop of Williams' vehicle, officers discovered that one of the passengers had an outstanding arrest warrant. The officers removed this person from the vehicle and discovered a firearm in his pocket. The officers asked the other occupants of the vehicle to step out of the car. The back-seat passenger exited the vehicle, assaulted an officer, and fled. As he fled, a firearm fell from his person. Williams, the driver of the vehicle, was also removed from the vehicle. The officers searched the passenger compartment for other weapons and located a third firearm under the front passenger seat and, in the glove compartment, discovered the owner's manual and a purchase receipt for an AR-15 rifle. The officers then searched the trunk of the car and found the AR-15 rifle.

Williams moved to suppress evidence discovered during this search, contending that the officers lacked reasonable suspicion to justify the search of the passenger compartment

2

of the vehicle, that the seizure of the paperwork found in the glove compartment exceeded the scope of the permissible vehicle search for weapons, and that the search of the trunk exceeded the scope of an allowable vehicle search.

In reviewing a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). Because the Government prevailed on Williams' suppression motion, we construe the evidence presented in the light most favorable to the Government. *Id.*

Upon observing Williams' failure to stop at a red traffic signal, the officers had probable cause to believe that a traffic violation had been committed and therefore properly stopped the vehicle. *See Whren v. United States*, 517 U.S. 806, 810 (1996). The officers had prior knowledge that one of the occupants had an outstanding warrant for his arrest. Upon verifying that the warrant was still outstanding, the officers arrested the passenger and, in the course of that arrest, discovered that he was in possession of a firearm. The officers also were within their authority to ask the passengers to step out of the vehicle. *Maryland v. Wilson*, 519 U.S. 408, 415 (1997) ("an officer making a traffic stop may order passengers to get out of the car pending completion of the stop"). As the passengers complied with the request, the back-seat passenger pushed an officer, dropped a loaded handgun, and fled.

The discovery of the two firearms provided the officers with reasonable suspicion that there might be other firearms in the vehicle. *See Michigan v. Long*, 463 U.S. 1032, 1049 (1983) ("the search of the passenger compartment of an automobile, limited to those

3

areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons"), quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968).  This protective search is authorized even if the suspect is under police restraint at the time of the search.  *United States v. Elston*, 479 F.3d 314, 320 (4th Cir. 2007), citing *Long*, 463 U.S. at 1051-52.

Williams does not challenge the search of the glove compartment, *see United States v. Ross*, 456 U.S. 798, 825 (1982) (holding that warrantless search of automobile extends to "every part of the vehicle and its contents that may conceal the object of the search"), but he contends that the seizure of the paperwork found in the glove compartment exceeded the scope of the permissible vehicle search for weapons and the documents were not of an immediately apparent incriminating nature.  In the glove compartment, officers discovered the owner's manual for a long gun and a pawn shop receipt evidencing the recent purchase of this rifle.  We conclude that these documents were properly seized under the plain view doctrine.  Under that doctrine, the warrantless seizure of incriminating evidence is permissible when:  "(1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent."  *United States v. Jackson*, 131 F.3d 1105, 1109 (4th Cir. 1997) (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990)).

4

Here, the officers were engaged in a lawful *Terry*-type search of the vehicle, which included the search of the glove compartment. In searching the glove compartment, the officers found a user manual for an AR-15 rifle and a receipt for the purchase of the rifle. The cover of the manual contained a picture of the rifle. And the receipt clearly depicted the words: "Rifle Semi-Automatic Diamondback Firearms" written in all capital letters. Applying the plain view doctrine, we hold that the officers were lawfully in a place from which the manual and the receipt could be plainly viewed, and that the officers had lawful right of access to these documents. *See Jackson*, 131 F.3d at 1109. Additionally, because the incriminating nature of the owner's manual and receipt were immediately apparent, we conclude that the seizure of these items did not infringe upon Williams' Fourth Amendment rights. We further conclude that the district court did not err in finding that the seizure of three firearms and the evidence supporting the existence of another weapon provided the officers with probable cause to search the vehicle's trunk. *See United States v. Carter*, 300 F.3d 415, 422 (4th Cir. 2002) ("[P]olice may search a car without a warrant as long as there is probable cause to believe the car contains contraband."). We therefore affirm the district court's denial of Williams' motion to suppress.

Williams also challenges the reasonableness of his sentence as an armed career criminal. Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a statutory minimum sentence of 15 years' imprisonment if he has sustained three prior convictions for either violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e). The term "violent felony" refers to a "crime punishable by imprisonment for a term exceeding one year . . . that,"

inter alia, "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Williams' predicate convictions were: North Carolina robbery with a dangerous weapon, North Carolina attempted robbery with a dangerous weapon, and North Carolina common law robbery. Because we have held that these North Carolina offenses constitute "violent felonies" under the force clause of § 924(e)(2)(B), we conclude that the district court did not err in classifying Williams as an armed career criminal. *See United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019) (common law robbery); *United States v. Burns-Johnson*, 864 F.3d 313, 320 (4th Cir. 2017) (robbery with a dangerous weapon).

Williams argued that he was not represented by his appointed attorney for a critical stage of his common law robbery proceedings, but rather was represented by substitute counsel during his sentencing. He contends that, absent counsel's withdrawal from representation or a waiver by him of representation by his appointed counsel, representation by "substitute counsel" at sentencing amounted to a denial of the right to counsel.

"[W]ith the sole exception of *convictions* obtained in violation of the right to counsel, [an armed career criminal] ha[s] no right under [§ 924(e)] of the Constitution 'to collaterally attack prior convictions' in the course of his federal sentencing proceedings." *Daniels v. United States*, 532 U.S. 374, 378 (2001) (emphasis added) (quoting *Custis v. United States*, 511 U.S. 485, 496 (1994)). Indeed, "a defendant may not collaterally attack a prior conviction underlying a statutory sentence enhancement unless the prior *conviction* was obtained in the absence of counsel." *United States v. Bacon*, 94 F.3d 158, 162 (4th

6

Cir. 1996) (emphasis added). Williams' right-to-counsel argument amounts to a challenge to his sentence, not to his conviction. He does not dispute that that his appointed counsel represented him during his plea hearing and that his plea was accepted by the state court at that time. Thus, his *conviction* was not obtained in the absence of counsel. Accordingly, the district court correctly overruled Williams' objection to use of his common law robbery conviction as a predicate offense for the ACCA enhancement.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*